No
CV
30



FILED
CLERK, U.S. DISTRICT COURT
5/16/22
CENTRAL DISTRICT OF CALIFORNIA
BY: cs DEPUTY

IN THE FEDERAL DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

CV22-3342-DMG(JCx)

JIM COHAN, )

Plaintiff, )

CASE NO ____________

JUDGE ____________

vs. )

NATIONSTAR MORTGAGE, LLC.,
MR. COOPER, a Delaware Limited Liability Company, )

And )

BANK OF NEW YORK MELLON, )

And )

CLEAR RECON CORP, )

Defendants. )

**COMPLAINT AND DEMAND FOR IMMEDIATE INJUNCTIVE OR TRO RELIEF**

**PARTIES**

1. Plaintiff Jim Cohan is a resident of the City of Sun Valley,, County of Los Angeles, State of California and at all times relevant hereto has been the rightful owner and occupier of property located at 9921 Edmore Place, Sun Valley, CA 91352.

2. Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant") is a Delaware limited liability company registered to do business in the State of California with its principal place of business at 8950 Cypress Waters Boulevard, in the City of Coppell, in the State of Texas and at all times relevant hereto has been a mortgage servicing company under its current name or under its former name "Nationstar" as agent for the Defendant Bank of New York Mellon , concerning the mortgage on the Property.

## JURISDICTION

3. The Defendants conduct substantial business within the State of California.

4. The material events giving rise to this action occurred in and about Los Angeles County and Central Federal District.

5. There is at least one Defendant with an operative Nerve Center outside of the State of California.

6. The amount in controversy as greater than $75,000 is sufficient to confer jurisdiction upon this Court pursuant to §28 USC 1332.

## FACTS

7. Plaintiff is a retired U.S. Military Veteran who signed on January 10, 2006 what purported to be a $138,800.00 HELOC loan from Countrywide Home Loans, Inc. with a purported Deed of Trust wearing Loan Number 12478543, with MIN #1000157-0006320101-2 with MERS as purported Nominee.

8. There are no other mortgage encumbrances or liens or claims against the property.

9. In or about 2010 Plaintiff became disabled by way of severe heart and lung problems..

10. Plaintiff received a Notice of Trustee Sale for January 9, 2020 from Defendant Clear Recon Corp. which was halted for reasons uncertain to Plaintiff, as he was working with a Broker who provided him scant information.

11. Plaintiff received a Notice of Trustee Sale (NoTS) on 9 Jan 2020 that was also halted. Plaintiff is not aware why. Broker may have assisted in this.

12. Plaintiff then filed his First Loan Modification Request after Jan 2020 as Defendant Mr. Cooper promised him a fair and thorough review of his filings, a promise upon which Plaintiff placed substantial and reasonable reliance to his detriment, as he has been caught up in a nightmare ever since.

13. This request was denied on August 28, 2020 on all counts – Proprietary Modification, Short Sale and Deed in Lieu, however Defendant Cooper failed to provide any specificity as to what documents were lacking. (Appendix A).

14. The failure to provide such information is a blatant violation of the California Homeowner Bill of Rights (HBOR) CA Civ Code § 2923.6.

15. Undaunted and still seeking Justice Plaintiff filed another loan modification request in fall, 2021: " Nonprofit Alliance of Consumer Advocates" (NACA) located in Orange County filled out the Loan Mod. Docs. on Plaintiff's behalf and submitted them to Mr. Cooper Nov. or Dec. of 2021 and also filed appeals.

16. Plaintiff avers that They want me to employ their attorneys to work on the case and are reluctant to send Plaintiff the info on dates when this was done.

17. Plaintiff is still working on this with NACA.

18. Before that matter was fully addressed Defendants filed another Notice of Trustee Sale in November, 2021. (Appendix B).

19. In fall, 2021 Brokers working with Plaintiff filed two Bankruptcies, the second of which Plaintiff was completely unaware of. They were case nos. 1:21-BK 11525-VK (September 15, 2021) and 1:21-BK 11884 (Nov. 18, 2021).

20. Apparently at least one of these Bankruptcies is currently causing Plaintiff difficulties in obtaining counseling assistance.

21. In 2022 Plaintiff filed a request for another loan mod.

22. There has been no determination on such request, however there is still yet another pending Sale Date of April 22, 2022 occasioned by Clear Recon, thereby clearly showing a pattern of attempted foreclosure whilst Plaintiff was in the midst of Loss Mitigation attempts. In all Plaintiff believes that there have been as many is five (5) attempts to foreclose, with no valid completion of any of the Loss Mitigation attempts.

23. The foreclosure attempts were initiated without proper contact and without a thorough evaluation of all possible solutions in violation of Cal. Civ. Code S2923.5.

The State of California has established the California Homeowner Bill of Rights with the intent of preventing Fraudulent, Deceptive and otherwise abusive lending and mortgage servicing practices. One of the key principles involved is of course the anti Dual-Tracking provision: If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs. . . (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification. Cal. Civ. Code. § 2923.6(c).

24. Furthermore, 114. Cal. Civ. Code S2924.17 states that before a mortgage servicer may record a declaration pursuant to CaL Civ. Code S2923.5, a Notice of Default, or a Notice of Sale, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the bot-rower's loan status and loan information.

25. As such, prior to Nationstar/Cooper recording Plaintiff's Notice of Default, it was required to satisfy the requirements under Cal. Civ. Code § 2923.5, including making initial contact in a meaningful manner.

26. Nationstar/Cooper failed to satisfy the notice requirements set forth under Cal. Civ. Code §2923.5(a)(1) prior to recording a Notice of Default.

27. Nationstar/Cooper willfully and recklessly proceeded with recording multiple Notices of Default and Notices of Trustee Sales in spite of not satisfying the requirements set forth under Cal. Civ. Code §2923.5(a)(1).

28. Such failure to satisfy the requirements prior to recording a Notice of Default was a material violation of Cal. Civ. Code § 2923.5 because Plaintiff was deprived of a meaningful opportunity to pursue loss prevention options to prevent foreclosure of her Residence. Plaintiff has been attempting to find licensed Counsel to assist in this matter but has thus far had to rely on friends and family to help him with these Pleadings.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF CAL. CIVIL. CODE §2924.17

29. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fullv set forth herein.

30. When Nationstar/Cooper filed for notice of default on several occasions it did no doubt included declarations.

31. These declarations were not based in fact and that constitutes a material violation of code 2924.17 also depriving Plaintiff of meaningful opportunity to pursue loss prevention options to rent foreclosure of a principal residence.

32. Plaintiff seeks treble damages or statutory damages in excess of $50,000 whichever is greater.

### SECOND CAUSE OF ACTION
### VIOLATION OF CAL. CIVIL. CODE § 2923.5

33. Nationstar/Cooper failed to satisfy the notice requirements set forth in California civil code section 2923.5 A1 prior to recording notice of default.

34. Nationstar/Cooper willfully and recklessly proceeded with recording a notice of default in spite of not satisfying the requirements nation star is failure to satisfy these requirements deprived plaintiff of a meaningful opportunity to pursue loss prevention.

35. As such it is a material breach and subject to a private cause of action

36. Several times Nationstar/Cooper attempted to move forward with foreclosure, another material breach for which Plaintiff seeks an award of treble damages and or statutory damages in the amount of $50,000 whichever is greater.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CAL. CIVIL CODE §2923.6**

37. Plaintiff submitted a complete application more than five days prior to a scheduled foreclosure sale on several occasions.

38. Nationstar/Cooper never made a written determination that plaintiff was not eligible.

39. As Nationstar/Cooper did not offer a first lien modification plaintiff could not have defaulted on same

40. Therefore any and all conduct attempting to conduct a Trustee sale is in violation of California Civil Code §2923.6, and is a material breach of same.

41. Plaintiff seeks damages in an amount to be determined at Trial.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**

42. Nationstar/Cooper owed plaintiff a duty to exercise reasonable care in the handling of his loan modification.

43. Nationstar/Cooper breached his duty when it failed to adhere to the foreclosure procedures set forth under clear-cut California lol as a result of this breach plaintiff did not have a meaningful opportunity to pursue realistic loss prevention options to prevent foreclosure of his home.

44. Nationstar negligently, willfully and falsely misrepresented they would review Plaintiff's completed loan modification application within the correct timeframe and that they would fairly evaluate all last mitigation options and inform the borrower of their options but instead it failed to do so, a material breach.

45. Plaintiff seeks damages in an amount to be determined at Trial.

**FIFTH CAUSE OF ACTION**
**INTENTIONAL MISREPESENTATION CAL CIV. CODE §§1709 ET SEQ.**

44. Nationstar/Cooper's promise was clear and unambiguous.

45. Based on Nationstar/Cooper's promise, it was reasonable and foreseeable that borrowers applying for a loan modification would not seek out other loss prevention options to prevent foreclosure in reliance of Nationstar's promise.

46. Plaintiff did in fact rely on Nationstar's promise and did not seek out other loss prevention options to prevent foreclosure of their homes because they did not have the opportunity to seek out other loss prevention options prior to the foreclosure of their homes.

47. Plaintiff seeks an award of treble damages and or statutory damages in the amount of $50,000 whichever is greater.

**SIXTH CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**

47. Nationstar further willfully, falsely, and knowingly misrepresented that Plaintiff's application would be reviewed fully and fairly.

48. Nationstar's misrepresentations were communicated to Plaintiff with its loan modification application.

49. After the initial Application, Nationstar/Cooper knew that it had misrepresented that it would evaluate loss mitigation options upon receiving a complete application because Nationstar was at the same time actively pursuing foreclosure.

50. Nationstar/Cooper knew that it had misrepresented that Plaintiff's applications would be fairly and fully reviewed.

51. Nationstar's misrepresentations were made with the intent that Plaintiff would rely upon them.

52. Nationstar's misrepresentations were made with knowledge of falsity of such statement, or in reckless disregard of the truths thereof.

53. In actual and reasonable reliance upon the misrepresentations. Plaintiff did not seek out other loss prevention options to prevent foreclosure.

**EIGHTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING**

54. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. In every contract, including the loan agreement, there is an implied covenant of God Faith and Fair aling. Nationstar unfairly interfered with Plaintiff's' right to receive the benefits of the loan agreement because Nationstar ised to comply with HBOR's foreclosure procedures.

56. Plaintiff was harmed by Nationstar`s conduct because she lost the opportunity to seek alternatives to eclosure that he continues to face with relentless abandon.

57. Plaintiff seeks damages in an amount to be determined at Trial.

**NINTHCAUSE OF ACTION**
**UNFAIR COMPETITION**

**UNLAWFUL PRONG**

58. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

59. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."

60. The acts, omissions and practices of Nationstar as alleged herein constitute business acts and practices.

61. The unlawful prong is satisfied because the acts violate Cal . Civil Code §§2935.5, 2923.6, 2924.10 and 2924.17.

62. The conduct is also unlawful because it constitutes negligence, intentional and negligent misrepresentation, l a breach of implied warranty of good faith and fair dealing.

63. In accordance with Cal. Bus. & Prof. Code 5 17203, Plaintiff seeks an order enjoining Defendant from ther illegal conduct.

**UNFAIR PRONG**

64. Nationstar/Cooper's conduct is "unfair" because it violated Plaintiff's rights under HBOR

65. Nationstar's conduct is further "unfair" because by failing to abide by the foreclosure procedures set forth in OR, Nationstar robbed Plaintiff of the opportunity to pursue alternatives to prevent foreclosure of her Residence.

**FRAUDULIENT PRONG**

Nationstar/Cooper's failure to abide by the foreclosure procedures set forth in HBOR, thereby preventing Plaintiff n pursuing alternative options to prevent foreclosure is conduct that is likely to deceive a reasonable consumers and the blic and therefore violates the fraudulent prong of the UCL.

Despite substantially or fully complying with Nationstar's document requests and. deadlines, Plaintiff was unable to sue alternative options to prevent foreclosure of her Residence.

As a result, Nationstar/Cooper and its agents were able to attempt to sell Plaintiff's Residence at a foreclosure sale violation of HBOR.

In accordance with Cal. Bus. & Prof.. Code §17203, Plaintiff seeks an order enjoining Defendant from further udulent acts and practices.

Plaintiff further seeks an order for the restitution of all revenue received bv Defendant from the foreclosure of perties, whose foreclosure was acquired through acts of unlawful, unfair, or fraudulent competition.

Plaintiff hereby demands:

a. An Order requiring Defendant to bear the costs of notice;

b. An Order enjoining Defendant from engaging in the unfair, unlawful and deceptive business practices complained of herein;

c. An Order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice;

d. An award of all damages to be paid according to proof, including statutory damages, treble damages, and punitive damages where appropriate;

e. An award of attorneys' fees and/or costs;

f. Immediate TRO and/or Injunctive Relief;

g. Any other and further relief that the Court deems necessary, just, or proper.

**DEMAND FOR IMMEDIATE TRO/ INJUNCTIVE RELIEF**

1. Plaintiff hereby realleges and incorporates herein by reference all allegation contained in Paragraphs 1 thru 24 as though fully set forth herein.

2. Defendant's actions have continued unabated and with no foreseeable end in sight.

3. Defendants' actions are grounds for a restraining order and injunction, compensatory damages, punitive damages, attorney's fees, expert fees and costs.

4. The actions of the Defendants as alleged herein have caused and will imminently cause Plaintiff irreparable harm. Said irreparable harm includes the loss of title to his home, anticipated loss of possession of his home, and ongoing emotional distress that cannot beadequately compensated at law regarding home ownership, a Principal Constitutional Right.

5. Plaintiff has a likelihood of success on the merits of her claims for set aside of the foreclosure sale based on the documentary evidence available to date.

6. A preliminary injunction is necessary to maintain the status quo until Plaintiff's claims for set aside of' the foreclosure sale can be fully and finally determined.

7. A balance of the equities favors a preliminary injunction to maintain the status quo. Defendants will not be prejudiced by the passage of time in waiting for a full and final determination of the action concerning the foreclosure sale. By contrast, Plaintiff wouldbe prejudiced, irreparably injured, and her claims may become moot if she is evicted or otherwise dispossessed from her home in the absence of an injunction.

WHEREFORE, Plaintiff requests relief on the following terms:

a. That this Court restrain and enjoin Defendants from conveying title until the claims for set aside of the foreclosure sale have been determined by this Court.

b. That Defendants be restrained and enjoined from evicting or otherwise dispossessing Plaintiff or any of Plaintiff's residents and invitees from the Property, or taking any action to interfere with her quiet enjoyment of the Property until the claims for set aside of the foreclosure sale have been determined by this Court.

c. That this Court restrain Defendants from forcing entry and from causing further damage to the premises.

d. That upon final Judgment this Court set aside the foreclosure sale, declare the foreclosure deed void, order that Defendants convey title to the Property to Plaintiff, and order that Plaintiff shall have the full right to possess and enjoy the property.

e. That this Court grant such further relief as it deems meet and just including compensatory damages to Plaintiff in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, plus punitive damages against the Defendants, plus an award to Plaintiff of her reasonable attorney's fees, expert's fees, and costs as applicable.

Respectfully signed as if on Oath and Subject to the Pains and Penalties of Perjury on this 16th Day of May, 2022.

Jim Cohan

Plaintiff pro se

# APPENDIX A



PO Box 619097
Dallas, TX 75261

08/28/2020





OUR INFO
ONLINE
www.mrcooper.com

YOUR INFO
LOAN NUMBER
0611101403

PROPERTY ADDRESS
9921 EDMORE PLACE
SUN VALLEY, CA 91352

38 1 MB 0.439 T1 P1 AUTO 454866.2-NNNNNN-30428500
JIM COHAN
9921 EDMORE PL
SUN VALLEY, CA 91352

Dear JIM COHAN:

We have reviewed your application for mortgage assistance. Please find a summary of the programs for which you were evaluated below, based on the eligibility requirements of The Bank of New York Mellon, the owner/guarantor/trustee of your mortgage loan. The Bank of New York Mellon requires us to review your application for the options available to you in a certain order. This means that if you are approved for an option higher in the order, you may not qualify for options that are lower down on the list.

Please note that we have reviewed you for options that would allow you to keep the property and for options that would mean that you would not keep the property. Although you may have requested a specific loss mitigation option, we have evaluated you for all other available options to ensure you have sufficient information to make an informed decision.

- **Proprietary Modification** - Declined
- **Short Sale** - Declined
- **Deed In Lieu** - Declined

If approved for any options, please note that these options are available only to the named Borrower(s) referenced above. If you have obtained the property through death, divorce, or other means and you qualify as a successor in interest, you may still be eligible for loss mitigation options, but we will need additional information to confirm your identity and ownership interest in the property. Please contact us to discuss your next steps.

Detailed information about the available loss mitigation programs and our analysis of your eligibility are provided below. You may find you are approved, or conditionally approved, for several different options. If you are eligible for more than one option, you may only accept one offer. Please note the deadlines to respond to each offer because if you do not respond in time, we will treat that as a rejection of the offer.

Please be sure to read the instructions related to each option carefully. Please note that, unless specified otherwise, the instructions in each section relate only to the option discussed in that section.

**I. Retention Options:** Retention options allow a borrower to continue to make payments and remain in the property.

A. **Reinstatement:** A reinstatement is a single lump-sum payment to bring the mortgage current by paying all past due amounts, including amounts paid on a borrower's behalf, if any, as a result of failure to pay the mortgage on time.

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.





454866.2-38.1





**To Reinstate your mortgage, please refer to your Monthly Billing Statement.**

B. **Modification:** A modification changes the terms of the loan to cure past-due amounts and usually provides for more affordable payments.

**Modification Program Review**

**You were not approved for the following retention option(s).**
You were evaluated for mortgage payment assistance based on the eligibility requirements of The Bank of New York Mellon, but were declined for the following program(s).

- **Proprietary Modification** - Declined
  - **Denial Reason:** Request incomplete

    Unfortunately, we were unable to evaluate you for assistance options because you did not provide us with all requested documents within the timeframe required. A notice listing the specific documentation needed, with due dates and expiration dates, was previously sent to you. This is not a denial of your request for assistance and you are not prohibited from being reviewed in the future if you submit a new, complete application.

Please note, as the servicer of your loan, we are responsible for responding to any questions related to investor requirements or the review of your request for assistance.

**II. Non-Retention Options:** A non-retention option allows a borrower to transition out of their property without going through foreclosure. Non-retention options include Short Sales or Deeds-In-Lieu (sometimes known as a Mortgage Release).

**A. Short Sale:** This option permits a borrower to sell their home for less than the balance remaining on the mortgage loan. Depending upon applicable law and investor requirements, a borrower may or may not be required to pay funds to reduce the difference between the amount owed and the approved purchase price.

You are not eligible to pursue a short sale for the following reason:

- **Short Sale** - Request incomplete

  Unfortunately, we were unable to evaluate you for assistance options because you did not provide us with all requested documents within the timeframe required. A notice listing the specific documentation needed, with due dates and expiration dates, was previously sent to you. This is not a denial of your request for assistance and you are not prohibited from being reviewed in the future if you submit a new, complete application.

**B. Deed-in-Lieu/Mortgage Release:** A Deed-in-Lieu, also called a "Mortgage Release," permits a borrower to voluntarily transfer the property to the owner of the mortgage to satisfy some or all of the mortgage debt. Depending upon applicable law and investor requirements, the borrower may be required to pay funds to reduce the difference between the amount owed on the loan and the value of the property being transferred.

You are not eligible to pursue a Deed-in-Lieu/Mortgage Release for the following reason:

- **Deed In Lieu** - Request incomplete

  Unfortunately, we were unable to evaluate you for assistance options because you did not provide us with all requested documents within the timeframe required. A notice listing the specific documentation needed, with due dates and expiration dates, was previously sent to you. This is not a denial of your request for assistance and you are not prohibited from being reviewed in the future if you submit a new, complete application.

**Additional Information Related to All Loss Mitigation Options**

Visit us on the web at www.mrcooper.com for more information.






**Notices of Error:**

If you believe an error has been made with respect to your mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

**Requests for Information:**

To request information regarding your account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

# APPENDIX B

March 21, 2022

Re: **Notice of Postponement of Trustee's Sale**
Trustee's Sale No.: **013354-CA**
Property Address: **9921 EDMORE PLACE**
**SUN VALLEY aka**
**LOS ANGELES CALIFORNIA 91352-4211**

You are hereby notified that the Trustee's Sale listed above has been postponed to **4/22/2022** at **11:00 AM.**

**It is important that you monitor all sale activity and attend the sale to protect your interest. The sale may be conducted without further notification.**

You can obtain information about postponements of the Trustee's Sale listed above by calling (800) 758-8052 or visiting www.homesearch.com and by accepting the terms and conditions for use of these resources. You should personally attend the sale to verify current status.

**UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER**

CLEAR RECON CORP.



February 18, 2022

Re: **Notice of Postponement of Trustee's Sale**
Trustee's Sale No.: **013354-CA**
Property Address: **9921 EDMORE PLACE**
**SUN VALLEY aka**
**LOS ANGELES CALIFORNIA 91352-4211**

You are hereby notified that the Trustee's Sale listed above has been postponed to **3/18/2022** at **11:00 AM.**

**It is important that you monitor all sale activity and attend the sale to protect your interest. The sale may be conducted without further notification.**

You can obtain information about postponements of the Trustee's Sale listed above by calling (800) 758-8052 or visiting www.homesearch.com and by accepting the terms and conditions for use of these resources. You should personally attend the sale to verify current status.

**UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER**

CLEAR RECON CORP.

April 22

~~Zone~~

Xome Co.





January 29, 2020

Re: **Notice of Postponement of Trustee's Sale**
Trustee's Sale No.: **013354-CA**
Property Address: **9921 EDMORE PLACE**
**SUN VALLEY aka**
**LOS ANGELES CALIFORNIA 91352-4211**

You are hereby notified that the Trustee's Sale listed above has been postponed to **3/4/2020** at **11:00 AM.**

**It is important that you monitor all sale activity and attend the sale to protect your interest. The sale may be conducted without further notification.**

You can obtain information about postponements of the Trustee's Sale listed above by calling (800) 758 - 8052 or visiting www.homesearch.com and by accepting the terms and conditions for use of these resources. You should personally attend the sale to verify current status.

**UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER**

CLEAR RECON CORP.

Dec 17 - 11:00AM

Pomona